---

McDERMOTT BUNGER DAIRY COMPANY v. GEORGE A. DIXON ET AL.

Submitted March 21, 1902—Decided June 9, 1902.

In a suit on a judgment obtained in New York, the question of jurisdiction in the New York court can be raised by plea only and not by demurrer.

On demurrer to *narr.*

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Henry W. Enger* and *Charles E. S. Thorn.*

For the defendant, *Elwood C. Harris.*

The opinion of the court was delivered by

VAN SYCKEL, J. This suit is upon a judgment obtained in the City Court of New York, which, the declaration alleges, is a court of record.

The defendant has interposed a general demurrer to the declaration on the ground that the New York court had no jurisdiction of the cause of action upon which the judgment was recovered.

A judgment of a court of record in another state of the Union is not to be regarded here as what is technically called, in common law language, a foreign judgment, the mere *prima facie* evidence of a debt. It has such faith and credit here as in the state where it may have been rendered, and is here, as there, deemed conclusive evidence of debt. *Curtis* v. *Martin, Penn.* 399; *Olden* v. *Hallet, 2 South.* 466; *Gulick* v. *Loder, 1 Gr.* 68.

To an action upon a judgment recovered in another state it is a good plea that the defendant was not served with process in the suit in which the said judgment was obtained; that he did not appear to said suit in person or by attorney, and that he was not resident or present within the jurisdiction of the court in which the said judgment was rendered at any time pending the said suit, or when judgment was rendered therein. *Price* v. *Ward,* 1 *Dutcher* 225.

The question involved in this controversy is elaborately discussed in the cases above cited.

There is a good cause of action stated in the declaration.

The question of jurisdiction in the New York court can be raised only by plea, not by demurrer.

There must be judgment on the demurrer for the plaintiff.